OPINION
{¶ 1} Defendant-Appellant, Todd A. Staup, appeals a judgment of the Auglaize County Court of Common Pleas, convicting him of three counts of rape in violation of R.C. 2907.02(A)(1)(b) and sentencing him to three consecutive terms of life imprisonment. Staup maintains that the consecutive sentences are contrary to law and not supported by the record.
 {¶ 2} After reviewing the entire record, we find that the trial court considered all of the statutorily mandated factors and, on the record, made the required findings necessary to impose consecutive sentences. Furthermore, we find that the record supports these findings. Accordingly, the judgment of the trial court is affirmed.
 {¶ 3} In January of 2004, the St. Marys, Ohio Police Department received a report that Staup had been sexually abusing two of his stepchildren. An investigation revealed that Staup had used physical coercion and threats to engage in sexual contact with the victims. The investigation also revealed that, at the time of the abuse, both of the victims were under the age of thirteen and that one of the victims was under the age of ten. Consequently, Staup was charged with eleven counts of rape in violation of R.C. 2907.02(A)(1)(b).
 {¶ 4} Staup initially pled not guilty to all eleven counts. In March of 2004, he filed a motion for leave to file a plea of not guilty by reason of insanity along with a motion requesting a mental examination pursuant to R.C. 2945.39 and R.C. 2945.371(G)(3). As a result, Staup was refereed to the Forensic Psychiatry Center for Western Ohio. Staup was evaluated on March 9, 2004, and the resulting written report found that Staup was competent to stand trial. The report also found that Staup did not meet the criteria set forth in the Ohio Revised Code necessary for an insanity defense. In April of 2004, the trial court held a competency hearing and found Staup competent to stand trial.
 {¶ 5} Thereafter, Staup appeared before the trial court in order to change his plea to guilty. Pursuant to an agreement with the State, Staup pled guilty to Counts I, VII and VIII, and the State dropped all of the remaining counts. Count I charged Staup with the forcible rape of a person under the age of thirteen. Counts VII and VIII charged Staup with the rape of a victim under the age of ten. After determining that Staup's guilty plea was voluntary, the trial court proceeded to sentence Staup on Count I. Because Count I involved the forcible rape of a victim under the age of thirteen, the trial court imposed a term of life imprisonment as required by R.C. 2907.02(B). After imposing the mandatory life term, the trial court set a future hearing to determine Staup's sexual offender classification and to sentence Staup on Counts VII and VIII. The trial court also ordered the preparation of victim impact statements and a presentence report.
 {¶ 6} At the sexual offender classification hearing, Staup stipulated that he was a sexual predator. The trial court went on to make additional findings and imposed the label of sexual predator on Staup.
 {¶ 7} The trial court then proceeded with the sentencing hearing for Counts VII and VIII. Because these counts involved the rape of a victim less than ten years of age, R.C. 2907.02(B) imposed a mandatory life sentence for these counts as well. Accordingly, the trial court imposed a life sentence on Staup for Counts VII and VIII and reiterated the life sentence that had been imposed on Staup for Count I at the earlier hearing.
 {¶ 8} After imposing the mandatory life terms, the trial court went on to consider whether the sentences should run consecutively. The trial court made on the record findings that Staup's abuse had extended to several victims and that he had displayed extreme cruelty in his victimization. Based on the seriousness of this crime and the fact that Staup had been previously abused himself, the trial court found that Staup was likely to recidivate. The trial court also took into account the fact that R.C. 2967.13(A)(5) awards parole eligibility after ten years to any prisoner serving a life term for a rape conviction; however, if a prisoner receives consecutive life sentences then the prisoner does not become eligible for parole until expiration of the aggregate of the minimum terms of the sentences. R.C. 2967.13(C). Therefore, if the trial court elected to impose consecutive sentences on Staup he would not be eligible for parole until after thirty years.
 {¶ 9} Based on all of the above, the trial court found that consecutive sentences were necessary to protect the public from future crime by Staup and that a single prison term would not adequately reflect the seriousness of his crimes. Additionally, the trial court found that consecutive sentences would not be disproportionate to the seriousness of Staup's conduct or the danger that he poses to the public. Accordingly, the trial court ordered all three of Staup's life sentences to run consecutively. From this judgment Staup appeals, presenting the following assignment of error for our review.
 Assignment of Error The Defendant-Appellant's consecutive sentences are contrary to law andnot supported by the record.
 {¶ 10} In his sole assignment of error, Staup claims that the trial court erred in ordering his sentences to be served consecutively.
 {¶ 11} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determine a particular sentence. State v. Martin
(1999), 136 Ohio App.3d 355, 362. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one and two of the syllabus.
 {¶ 12} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also, Martin,136 Ohio App.3d at 361. Clear and convincing evidence is an intermediate degree of proof. It requires more than a mere preponderance of the evidence, but it is less demanding than a finding beyond a reasonable doubt. State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citingCross v. Ledford (1954), 161 Ohio St. 469, 477. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones (2001), 93 Ohio St.3d 391, 400.
 {¶ 13} Under R.C. 2929.14(E)(4), a trial court may impose consecutive sentences
* * *
[I]f the court finds that the consecutive service is necessary toprotect the public from future crime or to punish the offender and thatconsecutive sentences are not disproportionate to the seriousness of theoffender's conduct and to the danger the offender poses to the public,and if the court also finds any of the following:
 (a) The offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing, was under a sanctionimposed pursuant to section 2929.16, 2929.17, or 2929.18 of the RevisedCode, or was under post-release control for a prior offense.
 (b) At least two of the multiple offenses were committed as part of oneor more courses of conduct, and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed as part of any of thecourses of conduct adequately reflects the seriousness of the offender'sconduct.
 (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
 {¶ 14} Herein, the trial court made on the record findings that Staup was likely to recidivate and that consecutive sentences were necessary to protect the public from future crime. The trial court also found that the harm caused by Staup's crimes was so great that no single term of incarceration would adequately reflect the seriousness of his conduct. Additionally, the trial court made the finding that the consecutive sentences would not be disproportionate to the seriousness of the crimes or the danger that Staup posed to the public. We find that the record supports these findings.
 {¶ 15} Staup repeatedly raped two of his stepchildren. Both were under the age of thirteen at the time of the rapes. He used his position of trust as the victims' "father" to facilitate the rapes. Furthermore, there is evidence in the record that Staup had attempted to engage some of his older stepchildren in sexual contact but that he had been rebuffed. There is also evidence that Staup himself suffered sexual abuse as a child and that he is unable to overcome the cycle of abuse. Additionally, it is clear from the victim impact statements that Staup's actions have had a significant negative impact on the entire family. The children's grades have suffered and they now have trouble trusting strangers and adults.
 {¶ 16} After reviewing the entire record, we find that the trial court made the proper findings on the record at that sentencing hearing necessary to impose consecutives sentences. Furthermore, we hold that these findings are supported by the record. Accordingly, Staup's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 17} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp, P.J., and Shaw, J., concur.